**HUNT OIL COMPANY, Appellant,**

v.

**Alex MURCHISON, Appellee.**

No. 3658.

Court of Civil Appeals of Texas.

Eastland.

Dec. 1, 1961.

Rehearing Denied Jan. 5, 1962.

Shank, Dedman & Irwin, Dallas, for appellant.

Goff & Koonce, Angleton, for appellee.

COLLINGS, Justice.

This is a venue case. Alex Murchison brought suit in Brazoria County against Hunt Oil Company, a corporation. Plaintiff alleged that defendant operated an oil and gas lease adjoining land owned by plaintiff in Brazoria County; that defendant extracted quantities of salt water from

an oil well on its lease and negligently failed to construct and maintain a slush pit adequate to contain such salt water; that because of such negligence salt water overflowed the slush pit on defendant's lease and flowed on and greatly damaged plaintiff's land. Plaintiff sought to recover from defendant the damages alleged to be in the amount of $4,820.00.

The defendant, Hunt Oil Company, timely filed a plea of privilege to be sued in Dallas County, the alleged place of its residence. Plaintiff filed a controverting affidavit alleging that venue was properly laid in Brazoria County under Exceptions 9, 9a and 23 of Art. 1995 Vernon's Ann.Tex. Civ.St. A hearing on the plea was had before the court without a jury and the plea of privilege was overruled. Hunt Oil Company has appealed.

Appellant presents numerous points of error urging that plaintiff did not prove the necessary venue facts to comply with any of the exceptions to Article 1995. Appellee Murchison contends that the court correctly overruled appellant's plea of privilege. He asserts that he has proved the necessary venue facts under Subdivisions 9, 9a and 23 of the statute as alleged in his controverting affidavit and particularly urges that he has established venue facts showing that his suit was one for the recovery of damages to land situated in the county where suit was brought as contemplated by Subdivision 14 of the statute.

■ Appellee did not refer to Subdivision 14 in his controverting affidavit. This, however, did not deprive him of the right to rely upon that subdivision if the facts alleged in his petition and controverting affidavit comply the terms thereof. Art. 2007 V.A.T.C.S., Sims v. Trinity Farm Construction Company, Tex.Civ.App., 28 S.W. 2d 856.

Subdivision 14 of Article 1995 V.A.T.C.S. provides:

"14. Lands.—Suits for the recovery of lands or damages thereto * * *,

must be brought in the county in which the land, or a part thereof, may lie."

The venue facts which appellee had the burden to establish under this subdivision were: (1) that this was a suit for damages to land and, (2) that the land or a part thereof lay in Brazoria County. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, (Sup.Ct.); Piazza v. Phillips et al., 153 Tex. 115, 264 S.W.2d 428, (Sup.Ct.).

■ The question whether a suit is one for "damages to land" as contemplated by the statute is determined by the allegations of the plaintiff's petition, Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495; Oakland Motorcar Co., v. Jones, Tex.Civ. App., 29 S.W.2d 861 (Mandamus denied).

■ In appellee's petition, a copy of which was attached to and made a part of his controverting affidavit, it was alleged that he was the owner of the land in question and that the land was situated in Brazoria County; that the defendant produced salt water from oil wells on its lease and negligently caused and permitted said salt water to flow on appellee's land, damaging same in the alleged amount of $4,820.-00 for which sum appellee sought recovery. Appellee alleged that as a result of said salt water overflowing his land that the productivity of approximately two and one-half acres was completely destroyed and that it was rendered unfit for agricultural purposes; that twenty-two pecan trees were killed and that each of said trees had a market value of $185.00. These allegations assert damage to land. Trees growing in the ground are a part of the realty. Gulf, C. & S. F. Ry. Co. v. Foster, Tex.Civ.App., 44 S.W. 198. The allegations of plaintiff's petition unquestionably show that the nature of this suit is one for recovery of damages to land.

The remaining question is whether the land was located in Brazoria County. In appellee's pleadings it was alleged that the land was in Brazoria County and the evidence undisputedly so shows. Appellant

makes no contention that the land is not located in that county or that appellee has failed to establish that fact.

For the reasons set out above the trial court properly overruled appellant's plea of privilege to be sued in Dallas County.

The judgment is affirmed.