**H. S. MOSS, Appellant,**

v.

**H. H. LOVELESS and Marie Loveless, Appellees.**

**No. 7931.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 28, 1969.

Howard Waldrop, Atchley, Russell, Hutchinson v. Waldrop, Texarkana, for appellant.

David A. Lake, Nickerson & Lake, Pittsburg, for appellees.

FANNING, Justice.

A venue case. Appellees, in the District Court of Camp County, Texas, sued appellant for recovery of damages to land allegedly caused by appellant's negligence in allowing oil and other materials to escape from appellant's oil lines running across appellees' land located in Camp County, Texas. Appellant filed a plea of privilege to be sued in the county of his residence, Dallas County, Texas. Appellees duly filed a controverting plea, denied the allegations in the plea of privilege, adopted and re-

pleaded appellees' original petition as if the same were set out in full words and figures, and also pleaded venue to be in Camp County, Texas, within the meaning of Subd. 9a of Art. 1995, V.A.T.S. After hearing the evidence adduced the trial court overruled the plea of privilege. Appellant has appealed.

Although the only venue exception specifically referred to in appellant's controverting plea was Subd. 9a, on appeal appellees rely primarily on Subd. 14 of Art. 1995, while also still relying upon Subd. 9a.

The proving of venue is much simpler under Subd. 14 of Art. 1995, than it is under Subd. 9a of Art. 1995.

■ While it is true that appellees did not specifically refer to Subd. 14 of Art. 1995, V.A.T.S., in their controverting affidavit, this however will not prevent them from relying on such subdivision if the facts alleged in their petition (which petition was adopted and made a part of their controverting plea), are established, and comply with the terms of Subd. 14 of Art. 1995, V.A.T.S. In this connection see the following authorities: Southern County Mutual Ins. Co. v. Douglas, Tex.Civ.App., 392 S.W.2d 599, no writ; Patrick v. Webb, Tex.Civ.App., 369 S.W.2d 446, wr. dism.; Hunt Oil Co. v. Murchison, Tex.Civ.App., 352 S.W.2d 365, no writ.

In Patrick v. Webb, supra, 369 S.W.2d 446, it was stated in part as follows:

"In the instant case was sufficiently alleged—in the father's petition for writ of habeas corpus and in his controverting affidavit which adopted said petition —a cause of action against Nettie Earline Patrick grounded on her crime or trespass in Montague County, Texas, within Vernon's Ann.Civ.St. art. 1995, 'Venue, general rule', subdivision 9 'Crime or trespass'. Additionally, the proof established a prima facie case thereunder within the pleadings. True it is that the only exception to general

venue mentioned in the pleadings was subdivision 7, 'Fraud and defalcation', but the failure to refer to subdivision 9 was not fatal. If a controverting plea states venue facts which will sustain venue under any exception, it is sufficient even though it omits such a reference or urges an exception which is inapplicable, or, though applicable, is not established. McDonald, Texas Civil Practice, p. 450, 'Venue', § 4.49, '(Controverting Affidavit)—Contents'. Sims v. Trinity Farm Const. Co., 1930 (Tex. Civ.App., Waco), 28 S.W.2d 856; Walter v. Hammonds, 1931 (Tex.Civ.App., Texarkana), 42 S.W.2d 1084; Hunt Oil Co. v. Murchison, 1961 (Tex.Civ.App., Eastland), 352 S.W.2d 365; and cases annotated under Texas Rules of Civil Procedure, rule 86, 'Plea of Privilege' at note 5, 'Controverting affidavit, generally'."

In Hunt Oil Company v. Murchison, supra, 352 S.W.2d 365, a venue case, Murchison sued Hunt Oil Company in the District Court of Brazoria County for damages to his land arising from salt water damages allegedly caused by the negligence of the oil company in allowing salt water to overflow from its slush pit onto Murchison's land. Hunt filed a plea of privilege which was overruled. We quote from the Court's opinion, in part, as follows:

"The defendant, Hunt Oil Company, timely filed a plea of privilege to be sued in Dallas County, the alleged place of its residence. Plaintiff filed a controverting affidavit alleging that venue was properly laid in Brazoria County under Exceptions 9, 9a and 23 of Art. 1995 Vernon's Ann.Tex.Civ.St. A hearing on the plea was had before the court without a jury and the plea of privilege was overruled. Hunt Oil Company has appealed.

"Appellant presents numerous points of error urging that plaintiff did not prove the necessary venue facts to comply with any of the exceptions to Article 1995.

Appellee Murchison contends that the court correctly overruled appellant's plea of privilege. He asserts that he has proved the necessary venue facts under Subdivisions 9, 9a and 23 of the statute as alleged in the controverting affidavit and *particularly urges that he has established venue facts showing that his suit was one for the recovery of damages to land situated in the county where suit was brought as contemplated by Subdivision 14 of the statute.*

"*Appellee did not refer to Subdivision 14 in his controverting affidavit.* This, however, did not deprive him of the right to rely upon that subdivision if the facts alleged in his petition and controverting affidavit comply with the terms thereof. Art. 2007 V.A.T.C.S., Sims v. Trinity Farm Construction Company, Tex.Civ.App., 28 S.W.2d 856.

"Subdivision 14 of Article 1995 V.A.T.C.S. provides:

'14. Lands.—Suits for the recovery of lands or damages thereto * * *, must be brought in the county in which the land, or a part thereof, may lie.'

"*The venue facts which appellee had the burden to establish under this subdivision were: (1) that this was a suit for damages to land and, (2) that the land or a part thereof lay in Brazoria County.* Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (Sup.Ct.); Piazza v. Phillips et al., 153 Tex. 115, 264 S.W.2d 428, (Sup.Ct.).

"The question whether a suit is one for 'damage to land' as contemplated by the statute is determined by the allegations of the plaintiff's petition, Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495; Oakland Motorcar Co., v. Jones, Tex.Civ.App., 29 S.W.2d 861 (Mandamus denied).

"In appellee's petition, a copy of which was attached to and made a part of his controverting affidavit, it was alleged that he was the owner of the land in question and that the land was situated in Brazoria County; that the defendant produced salt water from oil wells on its lease and negligently caused and permitted said salt water to flow on appellee's land, damaging same in the alleged amount of $4,820.00 for which sum appellee sought recovery. * * * The allegations of plaintiff's petition unquestionably show that the nature of this suit in one for recovery of damages to land.

"The remaining question is whether the land was located in Brazoria County. In appellee's pleadings it was alleged that the land was in Brazoria County and the evidence undisputedly so shows. Appellant makes no contention that the land is not located in that county or that appellee has failed to establish that fact.

"For the reasons set out above the trial court properly overruled appellant's plea of privilege to be sued in Dallas County.

"The judgment is affirmed." (Emphasis added.)

■ Plaintiffs' petition clearly alleges a cause of action against defendant for damages to land located in Camp County, Texas. The undisputed evidence in the record shows that this land was located in Camp County, Texas. Venue of this cause was clearly in Camp County, Texas, under Subd. 14 of Art. 1995, V.A.C.S. See Hunt v. Murchison, supra, 352 S.W.2d 365 and authorities cited therein.

Since venue of this cause was so clearly established in Camp County, Texas, under Subd. 14 of Art. 1995, V.A.T.S., we deem it unnecessary to write on the question as to whether venue was also maintainable in Camp County, Texas, under Subd. 9a of Art. 1995, V.A.T.S.

We hold under the record in this case the trial court correctly overruled appellant's plea of privilege.

The judgment of the trial court is affirmed.