**KENDALL CORPORATION et al.,**
**Appellants,**

v.

**David B. RUTHSTROM et al., Appellees.**

**No. 7251.**

Court of Civil Appeals of Texas,
Beaumont.

May 13, 1971.

Bracewell & Patterson, Houston, for appellants.

James L. Robertson, James C. Boone, Jr., Houston, for appellees.

KEITH, Justice.

The appeal is from an order overruling the pleas of privilege to be sued in Harris County filed by two corporations and six individuals. Suit was filed in Montgomery County by David B. Ruthstrom and wife and eleven other pairs of husband-wife plaintiffs against our appellants. One individual and a water control and improvement district, both alleged to be domiciled in Montgomery County, were also made de-

fendants in the action. Plaintiffs controverted the pleas of privilege by invoking several of the sections of Article 1995, Vernon's Ann.Civ.St., but upon this appeal seek to maintain venue under §§ 14 and 23 of Article 1995 only, so we forego discussion of those sections ·which have been abandoned.

Plaintiffs' pleadings alleged, in substance, that the plaintiffs purchased certain lots in a subdivision located in Montgomery County, burdened with restrictions as to the residential use thereof. The allegations were that the defendants knew the property was unsuitable for the purpose sold, but that defendants deliberately, willfully, maliciously and falsely represented to plaintiffs that the lots which they purchased were suitable for use as homes and residences; that plaintiffs relied upon defendants' representations to their detriment, suffered damage, etc.

More specific allegations were made that defendants represented that the property "would properly drain and that said property was in no danger of flooding," but defendants "had knowledge of the drainage and flooding conditions * * * and misrepresented said property to Plaintiffs."

We quote one paragraph of the pleading in its entirety in the margin* and this was followed by another paragraph wherein plaintiffs sought damages because of the "great emotional strain due to said traumatic experience" of being forced to flee their property and witness the destruction of their property by flood waters.

The last factual paragraph in the petition contained an alternative count wherein plaintiffs alleged:

"This is an action involving fraud in a transaction involving real estate. Defendants falsely represented past and existing material facts and such facts were made to the Plaintiffs for the purpose of inducing Plaintiffs to enter into a contract; Plaintiffs relied on such material facts and entered into a contract to purchase such real property in Timberlakes Subdivision as mentioned above; Defendants made false promises to Plaintiffs with the intention of not fulfilling these promises to them and said promises were for the purpose of inducing Plaintiffs to enter into a contract to Plaintiffs' detriment; Defendants benefitted from the false representations, promises, and committed fraud upon the Plaintiffs and are jointly and severally liable to the Plaintiffs for the actual damages Plaintiffs suffered; that Defendants willfully and knowingly made false representations and false promises to Plaintiffs and Defendants benefitted from said false representations and false promises said Defendants are liable to Plaintiffs for both actual and exemplary damages."

Only one of the plaintiffs testified upon the hearing, saying that she and her husband "purchased property" in the subdivision, built a house thereon, and lived there until they were forced to move because of flooding conditions. She was asked about the purchase of the land, and we reproduce *all* of her testimony on the subject:

"Q Do you recall talking to a salesperson with your husband prior to purchasing this property?

"A Yes.

"Q Do you recall that gentleman's name, the salesman's name?

"A I think it was Mr. Weekley, Weekley.

---

* "Plaintiffs would show that on or about the 11th day of May, 1968, and on several occasions thereafter, the lots purchased by Plaintiffs flooded, that all improvements on the Plaintiffs' lots were totally destroyed, that said lots were completed inaccessible because of the flooding condition. Because of this condition, Plaintiffs' property, real, personal, and mixed, was left valueless and worthless; hence, Plaintiffs should recover the full and complete value of said property."

"Q   Did Mr. Weekley represent himself to be with any certain company?

"A   I think it was Kendall Corporation he was with.

\*   \*   \*   \*   \*   \*

[Objection sustained to the next question.]

"Q   (By Mr. Robertson) Do you recall any conversations between you and Mr. Weekley?

"A   No.   Most of the conversation was with my husband.

"Q   But were you there with your husband at the time those conversations were had?

"A   Some of them, when we were down on the property.

"Q   And this was prior to the time you purchased the property?

"A   Yes.

"Q   Do you recall any statements made by Mr. Weekley to you and your husband concerning the drainage ability of this particular property if you—

"A   Well, we asked about the drainage, and he said it was pretty good, that the culverts could take all the drainage away.

"Q   Did you find that to be true?

"A   Well, it was quite dry when we bought the land and right up to the time we had the house built, and then during the building of the house we went down one week end and the water had been in the house, but they still said it hadn't flooded, they said it was caused by the blockage in this drainage that had caused the flooding."

No deeds, contracts, letters, admissions, depositions, stipulations, or other evidence was offered on the hearing or considered by the trial court except that of the witness, who did say the land involved was situated in Montgomery County.   Plaintiffs' counsel testified that the water district "is located" in Montgomery County and that one of the individual defendants in the suit, Rickett, was a resident of Montgomery County at the time the suit was filed.

■   In considering the appeal, we honor the rule announced in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959), by indulging every reasonable intendment in favor of the trial court's judgment overruling the pleas of privilege.

■   A plaintiff seeking to maintain venue under the provisions of § 23, Article 1995 must do more than show merely a prima facie case—"the plaintiff must establish by a preponderance of the evidence that he has a 'cause of action' as alleged." Admiral Motor Hotel of Texas, Inc. v. Community Inns, 389 S.W.2d 694, 698 (Tex. Civ.App.—Tyler, 1965, no writ). Even a cursory examination of the testimony quoted above, which is all that the plaintiffs offered upon the hearing, discloses that plaintiffs failed to establish a cause of action against any defendant, including Kendall Corporation.   Consequently, the judgment cannot rest upon § 23.

Neither party has cited to us a case directly in point concerning the applicability of § 14, Article 1995, and in our research we have not found an instance wherein venue has been maintained in the face of a timely plea of privilege where the allegations of the plaintiff's pleading were similar to those here.

■   Plaintiffs contend that their petition, properly construed, presents a suit for damages to land under § 14.   We recognize that "to determine the true nature of this suit, we must look first to plaintiffs' pleading and the relief they seek." Renwar Oil Corporation v. Lancaster, 154 Tex. 311, 276 S.W.2d 774, 775 (1955).   Or, as it

was put in the case of Cox v. Palacios, 188 S.W.2d 688, 689 (Tex.Civ.App.—San Antonio, 1945, no writ):

"Whether or not a suit is one for the 'recovery of lands or damages thereto' is a matter to be determined by allegations of the petition."

Further, we recognize that in a suit to recover land or for damages thereto, within the meaning of § 14, the only two "venue facts" necessary to be proved are: (a) that the suit is one for the recovery of land or damages thereto, and (b) that the land is situated in the county where the suit is filed. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 71 (1945). And, contrary to the rule prevailing when § 23 is involved, a plaintiff seeking to maintain venue under § 14 is not required to prove even a prima facie cause of action. Piazza v. Phillips, 153 Tex. 115, 264 S.W.2d 428 (1954).

In Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, 708 (1957), the court quoted this language from Lone Star Mut. Life Ass'n v. Bruno, 101 S.W.2d 1059, 1060 (Tex.Civ.App.—Waco, 1937, no writ):

"Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the *principal right* asserted and the relief sought for the breach thereof." (Emphasis ours).

In Wagner v. Pulliam, 361 S.W.2d 470, 472 (Tex.Civ.App.—Eastland, 1962, no writ), the court examined the pleading and determined that "the principal right asserted in the plaintiffs' petition" was the claim of specific performance, not the recovery of the land under § 14. In Natural Gas Distributing Corporation v. Williams, 292 S.W.2d 353, 357 (Tex.Civ.App.—Beaumont, 1956, error dism.), after an examination of the pleading, the court concluded that "the dominant purpose of the suit is to recover for damages to the appellee's interest in the land in Shelby County."

Appellees call our attention to two cases which they contend lend support to their position: Grogan-Cochran Lumber Co. v. McWhorter, 4 S.W.2d 995 (Tex.Civ.App. —Beaumont, 1928, no writ), and Hunt Oil Company v. Murchison, 352 S.W.2d 365 (Tex.Civ.App.—Eastland, 1961, no writ), but we find little in either case to aid us in the solution of the problem presented by this record. In *McWhorter,* this court held that the suit was one "to recover damages for cutting and removing growing pine timber on land located in Montgomery county" and was within the ambit of § 14 (4 S.W.2d at p. 997). *Murchison* was a suit to recover damages to land and trees caused when salt water produced in defendant's oil well was allowed to flow thereon. The court said that "the allegations of plaintiff's petition unquestionably show that the nature of this suit is one for recovery of damages to land" (352 S.W.2d at p. 366). Both announce sound rules of law but neither is applicable to our case.

We note from our examination of plaintiffs' pleadings that there are no allegations that any act or omission of the defendants caused damage to plaintiffs' lands; nor, is the petition subject to the construction that plaintiffs seek damages to their lands caused by the flooding. For aught that appears, the flooding may have been caused by an Act of God or by the independent negligence of persons wholly disconnected with this litigation. There are no facts stated in the petition from which we can draw a reasonable inference that the physical damage which plaintiffs sustained to their homes because of the flood water was proximately caused by any act or omission of these appellants.

Instead, what the plaintiffs seek, i. e., the "principal right" asserted, as we construe their pleadings, are damages caused by the tortious misrepresentations of the appellants. Such damages may be recoverable in a proper case under Article 4004, V.A.C.S., or under the common law. For a discussion of the measure of damages under the statute and at the common law, see Maddox v. Worsham, 415 S.W.2d 222, 226 (Tex.Civ.App.—Amarillo, 1967, error

ref. n. r. e.). Cf. Cockburn v. Less, 257 S.W.2d 470 (Tex.Civ.App.—Dallas, 1953), mandamus denied, 152 Tex. 572, 261 S.W.2d 689 (1953).

■ As we construe the plaintiffs' pleadings, their suit is not to recover damages because of the invasion of their land by the flood waters, but to recover the consequential damages they sustained in reliance upon the fraudulent misrepresentations of defendants' agents. As such, it "cannot be properly classified as coming within the provisions of Article 1995, § 14." Brown v. Gulf Television Company, supra, 306 S.W.2d at p. 709.

Since neither § 14 nor § 23, Article 1995, controls the venue of this cause under the record here presented, the judgment of the trial court is reversed and the cause remanded with instructions to transfer the cause, insofar as it relates to the appellants herein, to the District Court of Harris County, Texas.

Reversed and remanded with instructions.