**SKELLY OIL COMPANY, Appellant,**

v.

**Elva Imo MEDART et vir, Appellees.**

**No. 5208.**

Court of Civil Appeals of Texas,
Waco.

Dec. 7, 1972.

Rehearing Denied Dec. 28, 1972.

Naman, Howell, Smith & Chase (Larry O. Brady), Waco, for appellant.

W. V. Dunnam, Jr., Waco, for appellees.

## OPINION

JAMES, Justice.

This is a venue case involving subdivision 27 of Article 1995, Vernon's Annotated Texas Civil Statutes. Plaintiff-Appellees Elva Imo Medart and husband W. Otha Medart sued each in a separate suit Defendant-Appellant Skelly Oil company, (a foreign corporation doing business in Texas) in McLennan County, Texas, alleging that an explosion occurred in the restrooms of a service station in Mountainburg, Arkansas, on October 5, 1970, resulting in personal injuries and damages to the Medarts. Defendant-Appellant Skelly filed pleas of privilege to these suits, requesting to be sued in Dallas County, the County of its residence, which were controverted by the Medarts under subdivision 27, Article 1995, V.A.T.S. The trial court after a joint hearing of the venue of both suits, overruled Skelly's pleas of privilege.

The controverting pleas alleged that venue lies in McLennan County, Texas under subdivision 27 of Article 1995, because Skelly is a foreign corporation doing busi-

ness in Texas, and has an agency or representative in McLennan County.

Since it is undisputed that Skelly is a foreign corporation doing business in the State of Texas, the only issue presented to us is whether Skelly had an agency or representative in McLennan County, Texas, either at the time the suits were filed or on the date of hearing, within the meaning of subdivision 27.

■ Appellant presents three points of error, asserting that there is no evidence, and insufficient evidence that Skelly had such an agency or representative in McLennan County, and that a finding by the trial court that Skelly had such an agency or representative is against the great weight and preponderance of the evidence. We overrule these contentions and affirm the trial court's judgment.

The only witness testifying at the venue hearing was J. W. (Red) Maddux of Maddux Oil Company, who testified that he lives in McLennan County and owns one-third of the stock in Maddux Oil Company, a Corporation, and is the operating head thereof. Maddux Oil Company has maintained a fixed, permanent place of business in McLennan County from prior to October 5, 1970, up to the time of hearing.

Maddux first started operating under a written contract with Skelly about 2½ years ago. The contract is not in evidence. However, the course of dealings between Maddux and Skelly has been as follows: Maddux buys gasoline from Skelly and pays Skelly for it. Then Maddux sells the gasoline to Big Tex Oil Company which in turn sells and delivers the gasoline to service stations (all located outside of McLennan County) which operate under the Skelly Oil Company name. These service stations are not owned or operated by either Maddux or Skelly, but by various third persons. The record shows that there were four or five such stations being serviced at the time of hearing, located variously in Bosque, Coryell,

Bell and perhaps other counties. When Maddux first started his relationship with Skelly, none of these service stations were handling Skelly's products. Maddux had gone out and solicited these stations to handle Skelly's products, told them how much the fuel would cost, what sales aids Skelly would furnish and secured each station operator's consent to be a Skelly dealer and handle Skelly products. Also, Skelly had some large signs bearing the name "Skelly Oil Company", designed for use by service stations who would sell their products. These signs were available to be leased by Skelly to a service station handling Skelly's products. Maddux was authorized by Skelly to inform each service station operator (who had agreed to handle Skelly's products) of the basis upon which such signs could be leased. Then Maddux would notify Skelly of the need for such signs, whereupon Skelly would sometimes send such signs to Maddux for delivery to the stations. On other occasions Skelly would deliver or cause such signs to be delivered by their own people, directly to the service stations.

Skelly had smaller signs which they would furnish the stations without charge. Maddux would determine what smaller signs would be needed by such a service station and notify Skelly; whereupon, Skelly would either send such signs directly to such a service station, or send them to Maddux for delivery to such a service station. A like procedure was followed concerning road maps, brochures, and other sales literature. These were furnished to each service station handling Skelly's products without charge. The nature and quantity of such "sales aids" was ascertained by Maddux who in turn notified Skelly. Then Skelly would in some instances mail such sales aids directly to the service station, and in other instances would send them to Maddux who in turn would deliver them to the service station concerned.

Likewise, when a service station either went out of business or for some other

reason ceased to handle Skelly products, Maddux would go out and pick up the signs and perhaps other sales aids for Skelly.

Maddux testified that he did not distribute any such signs, road maps, and other sales aids to any service stations except those that were selling Skelly's products.

Maddux is not on the payroll of Skelly, and receives no salary from Skelly.

We think the above facts concerning the relationship and dealings between Skelly and Maddux are amply sufficient to show that Maddux was at all times pertinent to this cause an "agency or representative" of Skelly in McLennan County, Texas.

■ No findings of fact or conclusions of law were requested of or filed by the trial court. The trial court's judgment, therefore, implied all necessary fact findings in support of the judgment, including of course, the implied finding that Maddux was the agency or representative of Skelly in McLennan County, Texas. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contrary in nature. Renfro Drug Co. v. Lewis (Sup. Ct. 1950), 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

A local agent, (insofar as venue of suits against a foreign corporation are concerned) has been heretofore defined by this court to be "a person who is representing the corporation in the promotion of the business for which it was incorporated." John Hancock Mutual Life Ins. Co. v. Torrance (Waco CA 1925) 270 S.W. 218, no writ history. Also, see Humble Oil and Refining Co. v. Hamer (Beaumont CA 1942) 167 S.W.2d 272, no writ history.

■ If relations between the parties exist which will constitute an agency, it will be an agency, whether the parties understood it to be or not. Milligan v. Southern Express, Inc. (Sup.Ct.1952) 250 S.W.2d 194. Our Supreme Court in *Milligan*, concerned with the "agency or representative" problem within the meaning of subdivision 23, Article 1995, V.A.T.S. (suits against private corporations) defines "agency or representative" as follows: ".............. the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative'."

In the case at bar, we conclude that the evidence is legally and factually sufficient to support the questioned finding of the trial court. See Mobil Oil Corporation v. Smith (Waco CA 1972) 482 S.W.2d 398, no writ history.

Judgment of the trial court is accordingly affirmed.

Affirmed.