**NATIONAL FARMERS ORGANIZATION, Appellant,**

v.

**Glenn RAMSEY, Appellee.**

**No. 8391.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 24, 1973.

Gibbins & Spivey, Terry Scarborough, Austin, for appellant.

LaFont, Tunnell, Formby, LaFont & Hamilton, Bill LaFont, Plainview, for appellee.

REYNOLDS, Justice.

A venue order is the subject matter of this appeal. The venue order overruling a plea of privilege is challenged on legally and factually insufficient evidence presented in thirteen points of error. Affirmed.

Glenn Ramsey filed this suit in Briscoe County, where he resides, against National Farmers Organization, an Iowa corporation doing business in Texas, and three other business entities, none of which is domiciled in Briscoe County, seeking a declaration of the invalidity of two agreements, or alternatively, if the agreements are valid, a declaration of the rights and obligations of the parties arising therefrom. National Farmers Organization, referred to as NFO, filed its plea of privilege, asserting that venue as to it should be in Hale County where its principal office is located. Ramsey responded with a controverting affidavit stating that venue was proper in Briscoe County under Vernon's Ann. Civ.St. art. 1995, subdivisions 4, 5, 7, 23, 27 and 29a; and, on appeal, contends that subdivision 3 of the venue statute was urged to the court and also applies. Following a hearing, the trial court overruled NFO's plea of privilege.

Findings of fact and conclusions of law were neither requested nor filed. It is conjectural whether the trial court found venue to exist in Briscoe County under any one, more than one, or all of the reliant subdivisions of art. 1995. In any event, the appellate test of the propriety of the order is the same as in any other case, and the venue order must be affirmed if it is supported by evidence sufficient under any reliant subdivision of the venue statute. Ocean Systems, Inc. v. Educational and Research Devices, Inc., 493 S.W.2d 641 (Tex. Civ.App.—Amarillo 1973, writ dism'd).

Each questioned agreement, denominated a "Bill of Sale," recites that it is entered into by NFO and Ramsey, and provides basically for the sale of Ramsey's 1971 cotton production to an NFO negotiated buyer with a liquidated damages provision if Ramsey fails to comply with the agreement. Each agreement is signed by Ramsey and beneath his signature is the signature of the NFO member, a resident of Briscoe County, who secured the execution of the agreement, subscribed on a signature line above the words "NATION-

AL FARMERS ORGANIZATION." It was the aim of NFO to secure such agreements from all farmers in various counties for sale directly to cotton mills at a "blended" price which, by this method of keeping the cotton from the regular cotton market, would be higher than the average market price otherwise available to the signatory farmers. In each of those counties there was established a cotton committee composed of NFO members residing in that county, usually five in number, who were selected by the county NFO members to serve. Among the assigned responsibilities of the cotton committee were those to "work for NFO in your county" to block 100% of the members' and the county's production by May 1st, hold weekly meetings, attend zone meetings, keep NFO members informed, report on the agreements executed and mail the executed agreements weekly for delivery to NFO. The Briscoe County cotton committee was active in 1971 and, according to the deposition of Bobby McBeth, was still functioning subsequent to the filing of this suit.

With respect to that portion of subdivision 27 of the venue statute relied on by Ramsey, it was his burden to prove by sufficient evidence that NFO was a foreign corporation doing business within this state and that it had an agency or representative in Briscoe County either at the time this suit was filed or at the time of the venue hearing. NFO admitted that it was a foreign corporation doing business in Texas; it denied that it had an agency or representative in Briscoe County at either of the material times. It is NFO's position that its two Briscoe County resident members who secured the agreements from Ramsey were not its agents, and that NFO was not responsible for the selection of its members to the county cotton committee.

The question, then, is whether the evidence is sufficient to justify a finding that NFO had an agency or representative in Briscoe County at a material time. The question is answered affirmatively by the applicable rationale expressed by Justice Garwood in writing for the Supreme Court and finding an operation through an agency in Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194 (1952). The power given the individual NFO Briscoe County members to secure the Ramsey agreements in the name of NFO, which insists that the agreements are valid, and the representative responsibilities given the Briscoe County cotton committee to work for NFO in furtherance of its aim, are the strongest indications that NFO was doing business in Briscoe County through an agency or representatives. The agreements executed in the name and with the consent of, and pursuant to the procedures selected by, NFO were regularly made for the very kind of service which it was the business of NFO to render. Moreover, there is no evidence that the Ramsey agreements would have been executed without the insistence of, or could have been executed without the assistance by, the NFO members and the county cotton committee. Since the Ramsey agreements NFO contends are valid were made for NFO in pursuit of its business, obviously they were made through an agent or representative. Therefore, the evidence is of sufficient probative force to support the trial court's order of venue under subdivision 27 of the venue statute, and the order should not be disturbed on this appeal. Lorenzo Grain Co-op v. Rangel, 491 S.W.2d 702 (Tex.Civ.App.—Amarillo 1973, no writ).

Venue being proper in Briscoe County under V.A.C.S. art. 1995, subdivision 27, it is unnecessary to determine if the record evidence is sufficient to support the trial court's venue order under subdivisions 3, 4, 5, 7, 23 or 29a of the venue statute.

The trial court's venue order is affirmed.