**JOHN DEERE COMPANY, Appellant,**

v.

**Andres RAMIREZ, Appellee.**

No. 8403.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 10, 1973.

Rehearing Denied Jan. 7, 1974.

Carrington, Coleman, Sloman, Johnson & Blumenthal (James A. Ellis, Jr.), Dallas, for appellant.

Wagonseller & Cobb (Gene S. Cobb), Lubbock, for appellee.

ROBINSON, Justice.

Appellant John Deere Company challenges an order overruling its plea of privilege in a product liability case wherein appellee alleges that because of the defective design of a combine manufactured by appellant, he suffered an injury in Hale County, resulting in the loss of a portion of his right hand. Reversed and remanded.

Appellee in his controverting affidavit cites Vernon's Ann.Civ.St. art. 1995, subdivision 23, providing that suits against a private corporation may be brought in the county in which the cause of action, or a part thereof, arose. It incorporates by reference its original petition and states as follows:

> "The allegations and averments in said Original Petition are that the Plaintiff's injuries occurred in Hale County, Texas.

Therefore, the cause of action, or a part thereof, arose in Hale County, Texas, and this suit is therefore maintainable in Hale County, Texas, under the provisions of Article 1995, Section 23, V.A.T. S."

■ By its first three points of error, appellant correctly contends that the evidence will not support venue under the alleged portions of subd. 23. The venue provision relied upon requires that a plaintiff seeking to invoke its provisions prove the existence of a cause of action by a preponderance of the evidence. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941).

■ The testimony in the instant case wholly fails to establish that appellant sold the product in a defective condition, that the product reached the plaintiff without substantial change, or that any condition of the product caused the injury to plaintiff. To sustain his burden of proof in a case of strict liability in tort, plaintiff was required to prove each of these elements of a cause of action. McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.1967); Wire Rope Corporation of America v. Barner, 446 S.W.2d 361 (Tex.Civ.App.— Tyler 1969, no writ).

Upon trial of the plea of privilege, appellant urged that appellee had pleaded only the portion of subd. 23 set out in the controverting affidavit and objected to consideration of venue facts under any other exception. By his counterpoints on appeal, appellee contends that the pleadings and proof are sufficient to maintain venue under subd. 27.

■ Although Rule 86, Texas Rules of Civil Procedure, requires that a controverting affidavit specifically set out the grounds relied upon, it is not necessary that plaintiff specifically name the venue exception upon which he relies. It is sufficient if the facts alleged in the controverting affidavit and the petition incorporated by reference correspond with the terms of the subdivision. Moss v. Loveless, 439 S.W.2d 463 (Tex.Civ.App.—Texarkana 1969, no writ). Further, if a controverting plea states facts which will sustain venue under any exception, it is sufficient even though it urges an exception that is inapplicable or not established. Patrick v. Webb, 369 S.W.2d 446 (Tex.Civ. App.—Fort Worth 1963, writ dism'd).

■ No findings of fact or conclusions of law were filed. Therefore, if the pleadings and proof bring this case within any exception to the general venue statute, we must assume the trial court based its action thereon and affirm the judgment. Bryant v. Kimmons, 430 S.W.2d 73 (Tex.Civ.App. —Austin 1968, no writ).

■ The provisions of subd. 27 relied upon require that plaintiff plead and prove that at the time suit was brought (1) the defendant was a foreign corporation; (2) defendant was doing business in this state; and (3) defendant had an agency or representative in Hale County. The language "agency or representative" refers to a situation in which the business of the defendant is, in more or less regular form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of "agency" and the other of "representative." Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194 (1952).

■ By its plea of privilege appellant admitted that it was a foreign corporation with a permit to do business in the State of Texas and its principal office in Dallas, Texas. A defendant's judicial admission that it is a foreign corporation relieves plaintiff of the necessity of proving that fact. Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.2d 187 (1930).

■ The owner and manager of a farm implement company in Plainview, Hale County, Texas, testified that he sold John Deere combines, that they got letters from

the John Deere branch stating that Aubrey Ralls, a Plainview resident, was John Deere's representative and they were to deal with him, that they placed orders for combines with Mr. Ralls and later John Deere shipped the equipment. The witness testified, "Aubrey sells us the John Deere equipment. He is their representative. Instead of us having to go somewhere and meet them, they come to us."

This uncontradicted testimony is sufficient for the trial judge to find that Ralls was representing the company in the promotion of its business in Hale County, Texas. It meets the definition for agent in Skelly Oil Company v. Medart, 488 S. W.2d 175 (Tex.Civ.App.—Waco 1972, no writ).

The evidence is sufficient to support a finding by the trial judge that the venue facts under subd. 27 had been proved.

■ The matter for determination, then, is whether the venue facts in question were pleaded by the appellee. Appellee relies on its petition which it has incorporated in its controverting affidavit by reference. In paragraph one of the petition, appellee alleges that John Deere Company is a foreign corporation. Then follows the portion of the petition which appellee contends raises other venue facts:

"2.

"Plaintiff would show that all times material to this suit the Defendant was engaged in the process of designing, manufacturing, distributing, selling and offering for sale various items of farm equipment including a model 6600 Combine.

"3.

"On or about the 10th day of November, 1972, at approximately 7:00 o'clock P.M., Plaintiff was operating a Model 6600 John Deere Combine on a farm in Hale County, Texas. Said combine was distributed for sale to the general public and sold in Hale County, Texas."

We do not believe that these allegations in the petition can reasonably be construed as a pleading that appellant was doing business in Hale County, Texas, or that it had an agency or representative in Hale County, Texas. The allegation in paragraph 3 that the combine was sold in Hale County, Texas, is not an allegation that it was sold by appellant. In fact, the evidence introduced by appellee shows that the combine was bought from an individual owner rather than from John Deere Company.

At most, the appellee alleges in one paragraph that appellant was in the business of selling and distributing model 6600 combines at an undisclosed place, and in another paragraph, that an undisclosed person or persons distributed to the general public the particular model 6600 combine involved and sold it in Hale County. Even though the particular subdivision need not be mentioned by number, Rule 86, T.R.C. P., requires that the venue facts relied upon be specifically alleged. Victoria Bank & Trust Co. v. Monteith, supra. Otherwise, defendants would never know which of the many exceptions under Article 1995 they would need to oppose. We hold that appellee failed to plead the requisite venue facts and as a consequence cannot maintain venue in Hale County under subd. 27.

■ Where a venue case is not fully developed and is tried on the wrong theory, the judgment of the appellate court should be one of remand and not one of rendition. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948). The judgment of the trial court overruling the plea of privilege is accordingly reversed and remanded.

ELLIS, C. J., not sitting.