Carroll **CHILDERS**, Appellant,

v.

**PUMPING SYSTEMS, INC.,** et al., **Appellee.**

No. 17365.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 5, 1979.

**164**

Pendergraft & Acosta, Robert L. Pendergraft and Jane Keller of Houston, for appellant.

McCracken, Shields & Taylor, William H. Shields and Beverly Martin, Carrollton, for appellee.

Before WALLACE, PEDEN and EVANS, JJ.

WALLACE, Justice.

This is an appeal from the trial court's order sustaining appellees' pleas of privilege and transferring the case to Dallas County.

Appellant assigns as error the overruling of his contention that venue should be maintained in Harris County under Article 1995, § 23 and § 29a, Tex.Rev.Civ.Stat.Ann.

It is undisputed that the two named individual defendants, Pettingill and Van Y, are necessary parties to this suit and are residents of Dallas County, and that the corporate defendant Pumping Systems, Inc., hereinafter referred to as P.S.I., is a private corporation whose principal place of business is Dallas, Dallas County, Texas. It is also undisputed that the appellant, a former vice-president of P.S.I., was a resident of Harris County, Texas at all times material to this case.

■ In order for appellant to prevail under Article 1995, § 23, he must prove that P.S.I. had an agent or representative in Harris County at the time suit was filed on June 6, 1978. *Stockyards National Bank v. Maples*, 127 Tex. 663, 95 S.W.2d 1300 (1936).

Appellant testified that he was vice-president of P.S.I. and that P.S.I. distributed brochures which listed his name and phone number in Houston. This was confirmed by appellee Pettengill. However, appellant further testified that this situation ended in the Fall of 1976 when he formed his own business and went into competition with P.S.I. Accordingly, appellant was not an agent or representative of P.S.I. at the time suit was filed June 6, 1978.

On cross examination, appellee Pettengill testified that Goldthwaite of Texas was P.S.I.'s agent in Houston in early 1976. He then qualified his statement by saying that he did not understand the term "agent"; that Goldthwaite of Texas was associated with P.S.I. but was not its agent. Pettengill later testified that P.S.I. has a distributor in Houston, "then (1976) as now." Appellant's attorney did not inquire as to the name of the distributor nor did he develop any facts concerning the rights, duties, or responsibilities of the distributor necessary to show that they conducted the business of P.S.I. in Harris County on a more or less regular permanent form, or that they possessed broad powers from P.S.I. This was necessary to prove that P.S.I. had an agent or representative in Harris County under Article 1995, § 23. *Milligan v. Southern Express Co.* 151 Tex. 315, 250 S.W.2d 194 (1952).

■ The burden was on appellant to both plead and prove facts which would bring him within the applicable exception to the general venue law. *Stockyards National Bank v. Maples*, supra; *Colorado Interstate Gas Co. v. Mapco Inc.*, 570 S.W.2d 164 (Tex.Civ.App.—Amarillo 1978, no writ history). In reviewing the trial court's order in a venue case, every reasonable intendment must be resolved in favor of the trial court's judgment. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959). We find that the evidence supports the trial court's implied finding that P.S.I. did not have an agent or representative in Harris County.

Since appellant failed to sustain his burden under Section 23 of the venue statute, Section 29a does not become applicable.

The order of the trial court is affirmed.