**SHELL OIL COMPANY, Appellant,**

v.

**The SEALY–SMITH FOUNDATION for the John Sealy Hospital, Appellee.**

**No. A2704.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 1, 1981.

Ben H. Rice, Jody Richardson, Vinson & Elkins, Houston, for appellant.

James Drought, Brite, Drought, Bobbitt & Halter, San Antonio, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from an order overruling a plea of privilege filed by appellant

Shell Oil Company, defendant in the court below, in a suit filed by The Sealy-Smith Foundation for the John Sealy Hospital, alleging underpayment of natural gas royalties under the terms of an oil and gas lease on lands located in Winkler and Ward Counties. In its Second Amended Controverting Affidavit and in this appeal The Foundation asserts proper venue in Galveston County on the basis of Tex.Rev.Civ. Stat.Ann. art. 1995, §§ 23, 27 (Vernon 1964) & § 5 (Vernon 1980). In overruling the plea of privilege, the trial court did not state the ground on which it retained venue in Galveston County and did not file findings of fact or conclusions of law.

Appellant presents six points of error to this court. Since briefs were filed in this appeal, appellee has waived claim of venue under section 23; therefore we have no reason to consider appellant's third point of error based on that claim. We overrule appellant's points of error 4, 5 and 6 for the reasons discussed herein. Because we find that venue is properly sustained on the basis of article 1995, section 27, we find it unnecessary to discuss appellee's first and second points of error and whether venue may be sustained under section 5.

We have reviewed the record in accordance with the standard set out in *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959), resolving every reasonable intendment in favor of the trial court's judgment that The Foundation met the burden of proving the essential venue facts by a preponderance of the competent evidence. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (Tex. Comm'n App. 1935, holding approved). We affirm.

Section 27 of article 1995 provides, in pertinent part, that a foreign corporation doing business within this state may be sued "in any county where such company may have an agency or representative."

■ Appellant argues that venue cannot be sustained under section 27 because none of the agencies or representatives advanced by appellee have any relation to the cause or action. In support of this contention, appellant cites several cases in which the

agency or representative involved did indeed have a relation to the cause of action. *Milligan v. Southern Express, Inc.*, 151 Tex. 315, 250 S.W.2d 194 (1952); *Vines v. Harry Newton, Inc.*, 445 S.W.2d 260 (Tex.Civ.App.-Houston [1st Dist.] 1969, writ dism'd). The cited cases do not hold that such a relationship is required for venue purposes, and the statute makes no such requirement. In order to sustain venue under section 27, The Foundation must show only (1) that Shell is a foreign corporation doing business within this state and (2) that Shell has an agency or representative in Galveston County. *Mobil Oil Corp. v. Cook*, 494 S.W.2d 926, 932 (Tex.Civ.App.-Amarillo 1973, no writ). The parties stipulate that at all material times to this action Shell has been a Delaware corporation holding a permit to do business in Texas.

Shell contends that the trial court erred in sustaining venue in Galveston County under section 27 because there is no evidence that Shell had an agent or representative in Galveston County within the meaning of article 1995, section 27.

For venue purposes the Supreme Court of Texas defines agency or representative as used in section 23 as referring to "a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative'." *Milligan v. Southern Express, Inc.*, 250 S.W.2d at 198. The same construction is properly given to identical language in section 27. *Colorado Interstate v. Mapco, Inc.*, 570 S.W.2d 164 (Tex.Civ.App.-Amarillo 1978, no writ).

■ There is evidence in the record as to the existence of several agents or representatives of Shell.

First, Shell's industrial lubricants jobber in Galveston County, Grasso Marine Service Station, Inc., purchases and distributes Shell industrial products pursuant to contracts which require that Grasso assume

"primary responsibility for promoting and increasing sales" of Shell industrial products in the Galveston area. Grasso sells and distributes the products in containers bearing Shell identification, and Shell provides Grasso with manuals and charts for use in promoting sales of those products. Grasso's relationship to Shell is similar to that of Maddux Oil Company and Skelly Oil Company in *Skelly Oil Co. v. Medart*, 488 S.W.2d 175 (Tex.Civ.App.-Waco 1972, no writ), in which the court found Maddux to be an agent or representative within the meaning of section 27. Maddux bought and sold Skelly gasoline and promoted the sale of Skelly gasoline by soliciting stations to handle Skelly products. The fact that Grasso also distributes products of other oil companies does not detract from its status as agent or representative for venue purposes. The statute does not require an exclusive agency or representative. In *Milligan* the Supreme Court of Texas recognized that Northeastern Motor Lines (the agency or representative) was conducting much private business of its own in addition to that of the defendant Southern Express, Inc. The Court noted that "the same result was accomplished here as if the defendant had maintained a salaried employee resident in the county." *Milligan v. Southern Express, Inc.*, 250 S.W.2d at 198. Rather than sell its products directly to industrial consumers in Galveston County, Shell relies on Grasso alone to promote and sell Shell industrial products pursuant to contractual agreement. The preponderance of the evidence supports a finding that Grasso Marine Service Station, Inc., is the agency or representative of Shell for venue purposes within the meaning of article 1995, section 27.

The Foundation asserts the presence in Galveston County of a second type of agency or representative consisting of eight Shell retail service stations which operate under lease agreements. The evidence shows that Shell recruits the retail dealers, frequently finances the enterprise, leases the stations to the dealers, determines whether a station will be operated as full service or self service, furnishes signs to identify the stations as Shell stations, supplies products ordered, pays for advertising both independently and on a cooperative basis, provides on-going training for the dealer and his employees, maintains station pumps and driveways, generally concerns itself with the general appearance of the station and its personnel, and empowers the dealers to accept Shell credit cards in conducting business. The facts here differ from those cases in which there is insufficient proof that a dealer did any more than buy a manufacturer's product and resell it at retail. *J. I. Case v. Darcy*, 424 S.W.2d 501 (Tex.Civ.App.-Amarillo 1968, no writ); *General Motors Corp. v. Brady*, 477 S.W.2d 385 (Tex.Civ.App.-Tyler 1972, no writ). The preponderance of the evidence shows that the type of retail dealer involved here is conducting the business of Shell in Galveston County and that Shell exercises "a degree of, or attempt at, control" over the part of those activities which concerned Shell. *Milligan v. Southern Express, Inc.*, 250 S.W.2d at 198. Therefore, it is our opinion that the preponderance of the evidence supports a finding that the Shell retail service stations are agencies or representatives of Shell for venue purposes within the meaning of article 1995, section 27.

The Foundation seeks to retain venue in Galveston County through yet another type of agency or representative: Shell's Pelican Island Terminal located in Galveston County. Several Shell employees work at the terminal to provide support for Shell's offshore drilling operation, to supervise and coordinate all phases of material handling and procurement, and to maintain the terminal facility. Shell's Terminal employees purchase offshore drilling supplies as requested by the drilling foreman. The evidence also reveals that certain Terminal employees have authority to exercise discretion in the course of carrying out their responsibilities by contracting in Shell's behalf for labor and materials up to $1,000 in value. Some 70 purchase orders in evidence demonstrate the actual exercise of that discretion and power to contract. The power to contract for the principal and its regular use are the strongest indication that the

principal is doing business through an agency. *Id.* The fact that the power to contract is limited or is exercised under a degree of control by the principal does not negate the existence of an agency for venue purposes. *Id.; Mobil Oil Corp. v. Cook*, 494 S.W.2d 926, 933 (Tex.Civ.App.-Amarillo 1973, no writ). In our opinion, the record contains evidence of sufficient probative force to support a finding that the Pelican Island Terminal is the agency or representative of Shell for venue purposes within the meaning of article 1995, section 27.

Having found that Grasso Marine Service Station, Inc., the Pelican Island Terminal and the retail service stations constitute agencies or representatives for section 27 venue purposes, it is not necessary to go further and assess the evidence in regard to the status of other Shell employees who discharge supervisory duties in Galveston County.

Shell further contends that even if the Terminal meets the definition of agency or representative for purposes of section 27, the Terminal is not an agency or representative in this instance because the Terminal was not in operation on the date The Foundation filed suit. In other words, appellant argues that appellee must establish the presence of Shell's agency or representative in Galveston County as of the very date of filing the petition. We do not agree.

The oil and gas leases which are the basis of this lawsuit have been in effect since 1940. Shell conducted offshore drilling near Galveston and operated the Terminal support facility from 1970 to the present, with the exception of a period from April, 1976, to December, 1977, during which time Shell had no offshore drilling in the Galveston area and therefore temporarily shut down the Terminal. The Foundation filed suit on April 6, 1977; Shell filed its plea of privilege on May 12, 1977; The Foundation filed its Second Amended Controverting Affidavit on May 14, 1979; the hearing on the plea of privilege was held on May 21 and June 20, 1979.

The question here is whether venue may be sustained on facts in existence subsequent to the date the cause of action is filed, at the time the plea of privilege is heard.

It is true that a number of cases contain language to the effect that venue is controlled by facts in existence at the time the cause of action is filed. *Vines v. Harry Newton, Inc.*, 445 S.W.2d 260 (Tex.Civ.App.-Houston [1st Dist.] 1969, writ dism'd); *Childers v. Pumping Systems, Inc.*, 580 S.W.2d 163 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ); *Ogburn-Dachau Lumber Co. v. Taylor*, 126 S.W. 48 (Tex. Civ.App.1910, no writ); *City Drug Stores of Amarillo v. Hutson*, 121 S.W.2d 428 (Tex. Civ.App.-Amarillo 1938, no writ). However, these decisions involve situations where necessary venue facts existed when the cause of action arose but had permanently ceased to exist prior to the time suit was filed. There was no question of the necessary venue facts being present when the plea of privilege was heard.

Other cases which hold that venue is controlled by facts present at the time suit is filed involve situations in which venue is sustained on facts which are in existence at the time suit is filed but which cease to exist subsequent to the filing of suit. *Wood v. Texas & P. Ry. Co.*, 213 S.W.2d 101 (Tex.Civ.App.-El Paso 1948, no writ); *Hanover Insurance Co. v. Richardson*, 529 S.W.2d 608 (Tex.Civ.App.-Houston [1st Dist.] 1975, writ dism'd); *Slaton v. Anthony*, 143 S.W. 201 (Tex.Civ.App.-Amarillo 1912, no writ). It is clear that, if the jurisdiction of the court attaches at the time suit is instituted, it will not be divested by a subsequent change. *Texas & P. Ry. Co. v. Wood*, 145 Tex. 534, 199 S.W.2d 652 (1947). This rule does not, however, answer the question at issue here.

Yet another group of decisions, in which the timing of venue facts is not critical to the decision, indicates that, in order to establish venue under sections 23 or 27, the plaintiff must prove the requisite agency's or representative's existence either at the time suit is filed or at the time of the venue hearing. *J. Weingarten, Inc. v. Heatherly*, 450 S.W.2d 693 (Tex.Civ.App.-Houston [14th

Dist.] 1970, no writ); *Skelly Oil Co. v. Medart,* 488 S.W.2d 175 (Tex.Civ.App.-Waco 1972, no writ); *National Farmers Organization v. Ramsey,* 500 S.W.2d 192 (Tex.Civ. App.-Amarillo 1973, no writ). 1 R. McDonald Tex.Civ.Prac., §§ 4.30.3(II)(a), 4.30.-4(III) (rev. 1981) espouses the same rule of law but cites no real authority for the position.

In our opinion, the matter at issue here is controlled by *Midlothian Oil & Gin Co. v. Commercial Standard Insurance,* 120 S.W.2d 518 (Tex.Civ.App.-El Paso 1938, no writ). The chronology of events in *Midlothian* is similar to that involved here. Venue was sustained on venue facts which accrued after the cause of action was filed and which were in existence at the time of the venue hearing. The defendant in *Midlothian* operated a cotton gin, a seasonal business which had been in operation prior to the filing of suit, but which was closed for several months at the time suit was filed and defendant's plea of privilege was filed. Like Shell's Pelican Island Terminal, the gin reopened and the agency or representative was again present in the county when the plea of privilege was heard.

In order to protect defendants from the burden of leaving their counties of residence to defend lawsuits, Texas law generally extends to defendants the privilege of being sued in their counties of residence. When, after suit has been filed, a defendant changes his position so as to bring himself within the venue of the court, he is not justified in complaining of the burden, so long as there has been no improper evasion or avoidance on the plaintiff's part in order to hold venue. Therefore, we hold that The Foundation established venue in Galveston County under article 1995, section 27, by proving the requisite agency's or representative's existence either at the time suit is filed or at the time of the venue hearing.

We affirm the decision of the court below.