## CLEAVER v. JOHNSON.
### No. 6363.

Court of Civil Appeals of Texas. Texarkana.
April 1, 1948.

Irwin & Irwin, T. K. Irwin, Jr., all of Dallas, for appellant.

Guinn & Guinn, of Rusk, for appellee.

WILLIAMS, Justice.

This is a venue case. Appellee, Green Johnson, instituted habeas corpus proceedings in Cherokee County, his place of residence, against appellant, W. G. Cleaver, a resident of Dallas County, to recover possession of Charles Edward Johnson, a minor. Charles, the son of Louisa Johnson, the unmarried daughter of Green Johnson and his wife, Priscilla, was born September 16, 1938, in the grandparents' home in Cherokee County, Texas, where the mother continued to live until her death on December 3, 1946, and where the child continued to live and be cared for by the grandparents as a member of their family.

This appeal is before us without a statement of facts. The court has filed comprehensive findings of fact and conclusions of law upon which the court held that suit was maintainable in Cherokee County, under Sections 5, 7, and 9 of Article 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 5, 7, 9, and overruled appellant's plea of privilege to be sued in Dallas County, the county of his residence.

The court found that appellant "claims to be the putative father of this child," but "that he was never married to the child's mother at any time"; that on or about June 19, 1947, he came from his home in Dallas County, to the home of appellees in Cherokee County, where Charles, the child, was living and residing with appellee and "fraudulently represented to the appellee that if appellee would permit the child to go to Dallas, Texas, with appellant for a visit there that appellant would return said child to appellee in Cherokee County, within thirty days from June 19, 1947; that such representations were untrue and were known to be untrue by appellant when made, but that appellee and his wife, both and each did not know they were untrue, but relied upon and acted upon such representations

and surrendered said child to appellant's possession for the thirty-day visit upon promise of return within said time, to the loss of the possession of said child and subsequent damage therefrom; and that these fraudulent representations and taking possession of the child by appellant were committed in Cherokee County, Texas, where this suit was instituted and is now pending." The court further found as a fact "that the wrongful obtaining of the possession of and seizure of said child and his possession by appellant from appellee and the taking away of said child was intentional wrong and injury to appellee by appellant and transpired in Cherokee County, Texas." The court concluded that the District Court of Cherokee County had venue of this cause under subdivision 7, as a fraud committed in Cherokee County by appellant; and under subdivision 9 of Art. 1995, R.C.S. of Texas 1925, as amended, as a crime, offense or trespass committed by appellant in Cherokee County, in the taking of said child from appellee.

Under the points presented, it is appellant's contention that as the putative father of the child he had a paramount legal right to the possession of the child, and that as appellee was merely in possession by virtue of an unenforceable gift and delivery of the child to him by its mother prior to death, that appellee had no right to the possession of said child out of which appellant could have defrauded him or committed a crime, offense or trespass in derogation of appellee's rights.

■ If it be conceded that appellant is the putative father of this child, we are not in accord with his claim that he had a paramount legal right to possession of the child, as a matter of law. Sec. 6 of Art. 46a, Vernon's Ann.Civ.St. of Texas, adoption statute, affords no support to appellant's contention wherein it is provided, "In case of a child not born in lawful wedlock the consent of the father shall not be necessary." It is a universally recognized principle of the common law (no statutory law to the contrary has been enacted in Texas) that the father of a bastard has no parental power or authority over such illegitimate offspring. Timmins v. Lacy, 30 Tex. 115, 116, 135. Above holding is here applied to the extent that the father of a bastard child, merely as such, has no right to its custody and possession.

■ The unwed mother was clothed with the power to deliver possession and custody of her child at the time to appellee. She violated no penal statute. Appellee was in lawful possession of this child at the time appellant appeared on the scene. In Dunn v. Jackson, Tex.Com.App., 231 S.W. 351, 353, it is held:

"The parent is the guardian by nature of his children, and his right to their custody is paramount, but this right may be forfeited by misconduct or lost through misfortune; but where he has surrendered this custody to a third person, who performs the duties incumbent upon him as the natural guardian, a new condition is created which inures to the benefit of the child. The law does not prohibit such a transfer by the parent, but, on the contrary, allows the child to reap the benefit therefrom, and upon a habeas corpus proceeding by the parent to regain custody of the child the paramount interest of the child becomes the dominant issue. Legate v. Legate, 87 Tex. 248, 28 S.W. 281."

See also Duckworth v. Thompson, Tex. Com.App., 37 S.W.2d 731; Hilliard v. Watson, Tex.Civ.App., 170 S.W.2d 310. Appellee pleaded above facts as found by the court in support of his allegations of lawful possession of the child; the invasion of his lawful possession of the child; facts in support of his claim that the best interest of the child would be served in appellee's custody and possession; and in this alleged and proved a prima facie cause of action to be heard in Cherokee County on the merits in the final disposition of the custody of the child.

In view of the above conclusions, it becomes unnecessary in the disposition of this appeal to discuss the court's conclusion of law that venue was maintainable in Cherokee County under subdivision 5 of Art. 1995, supra, based upon a contract in writing, namely, a letter wherein the court found that appellant had promised and agreed to return the child to appellee in Cherokee County.

The judgment is affirmed.