Nettie Earline PATRICK et al., Appellants,

v.

G. M. WEBB, Appellee.

No. 16436.

Court of Civil Appeals of Texas.

Fort Worth.

June 14, 1963.

Rehearing Denied July 12, 1963.

Joe H. Cleveland, Bowie, for appellants.

Jack Lovette, Bowie, for appellee.

MASSEY, Chief Justice.

This is an appeal from an order overruling pleas of privilege by two nonresident defendants.

The points of error are that there was no evidence of probative value supporting the judgment of the trial court, that the evidence was insufficient to justify entry of such judgment, and that under the author-

ity of existing law, as set out in Knollhoff v. Norris, 1953, 152 Tex. 231, 256 S.W.2d 79, Webb's petition for writ of *habeas corpus* (objective of which was to obtain possession of said petitioner's child) involved the question of custody as well as possession and hence was and should be considered to be a "civil action" within the purview of the venue statute, and that the language of the opinion makes it clear that the circumstances which gave rise to the suit or "action" required that petitioner relitigate questions of custody and right of possession in the county of the defendants' residence.

Briefly, the circumstances giving rise to the litigation in the instant case are these: G. M. Webb and Nettie Earline Patrick were formerly husband and wife. Fruit of their marriage was Bridget Ann Webb, a child of tender years. Pursuant to a divorce of said husband and wife the custody of Bridget Ann was awarded to the father. The judgment decree became final. Pursuant to arrangements for care of the child she was living with her paternal grandmother in Bowie, Montague County, Texas, during September, 1961, when on a night near the middle of that month, after the grandparents had retired for the evening, Nettie Earline Patrick came to their home. She told the grandmother that she would like to visit with the child in the truck in which she came, that she had brought a "cubby bear" to the child which was in the truck. The grandmother consented. Nettie Earline Patrick carried the child to the truck, climbed in, and whoever was at the wheel immediately drove away. The child was not returned. It was some time before the father found her.

Nettie Earline Patrick's residence is in Houston, in Harris County. So is the residence of her mother, Lillie Koger. On June 1, 1962, G. M. Webb filed the petition for writ of *habeas corpus* in Montague County, complaining of the child's mother and maternal grandmother. His complaint embodied the assertion that the child was with these parties in Houston under re-

straint. Respondents filed pleas of privilege to be sued in Harris County. Apparently pursuant to agreement the pleas of privilege were tried on October 26, 1962, with the matter of the *habeas corpus* hearing deferred. The pleas was overruled. From this order appeal was perfected. On the oral presentation we were advised that the child, Bridget Ann Webb, continued to remain with her mother and maternal grandmother in Houston.

We will first consider the applicability of the decision of the Supreme Court in the case of Knollhoff v. Norris, supra. We consider that decision is wholly inapplicable. The only phase of that case having similarity is the fact that the appeal was from an order overruling a plea of privilege in an action originally brought as a petition for writ of *habeas corpus*. The court said that such procedure in instances where right to possession and custody of a minor child is involved amounted to a "civil action" within the purview of the venue statute and that it was proper for a plea of privilege to be filed and heard in such an instance. The holding of the Supreme Court in the Knollhoff v. Norris case was that there should be a transfer of the cause of action since the person in the position of plaintiff in the case (petitioner for the writ of *habeas corpus*), by his controverting affidavit to the defendants' (respondents') pleas of privilege and by the evidence introduced before the trial court at the time said pleas were heard, failed to establish that plaintiff's case came within any of the exceptions to the venue statute. That such was the holding of the Supreme Court is further clarified by reference to the opinion of the El Paso Court of Civil Appeals in Knollhoff v. Norris, 250 S.W.2d 434, and particularly in the dissenting opinion of Associate Justice McGill beginning at page 437.

█ In the instant case was sufficiently alleged—in the father's petition for writ of *habeas corpus* and in his controverting affidavit which adopted said petition—a

cause of action against Nettie Earline Patrick grounded on her crime or trespass in Montague County, Texas, within Vernon's Ann.Civ.St. art. 1995, "Venue, general rule", subdivision 9, "Crime or trespass". Additionally, the proof established a prima facie case thereunder within the pleadings. True it is that the only exception to general venue mentioned in the pleadings was subdivision 7, "Fraud and defalcation", but the failure to refer to subdivision 9 was not fatal. If a controverting plea states venue facts which will sustain venue under any exception, it is sufficient even though it omits such a reference or urges an exception which is inapplicable, or, though applicable, is not established. McDonald, Texas Civil Practice, p. 450, "Venue", § 4.49, "(Controverting Affidavit) —Contents". Sims v. Trinity Farm Const. Co., 1930 (Tex.Civ.App., Waco), 28 S.W.2d 856; Walter v. Hammonds, 1931 (Tex.Civ. App., Texarkana), 42 S.W.2d 1084; Hunt Oil Co. v. Murchison, 1961 (Tex.Civ.App., Eastland), 352 S.W.2d 365; and cases annotated under Texas Rules of Civil Procedure, rule 86, "Plea of Privilege" at note 5, "Controverting affidavit, generally".

■ Although the instant case is considerably weaker than the authority upon which the father relies, to-wit: Cleaver v. Johnson, 1948 (Tex.Civ.App., Texarkana), 212 S.W.2d 197, we furthermore believe that the father's burden of proof was sustained under the exception specified by subdivision 7, in that there was specific proof of a false statement made by Nettie Earline Patrick which enable her to gain possession of the child and remove it to a public road in front of the premises where she was normally kept, coupled with evidence from which it could justifiably be inferred that it was wilfully made with the intent to deceive the grandmother in whose care the child had been placed as the agent of the father, upon which she relied in allowing the child to be taken to the truck.

■ Contrarily, however, we are of the opinion that the trial court erred in sus-taining venue against the maternal grandmother, Lillie Koger, because there was no evidence which would support the case of the plaintiff against her. The pleadings were sufficient to warrant the introduction of evidence now declared by our Supreme Court to be essential to hold a co-defendant such as Mrs. Koger under the exception to the general venue statute denominated subdivision 29a, "Two or more defendants",—but, in view of the total absence of evidence which would tend to establish that she was participating with Nettie Earline Patrick in the unlawful restraint of the minor child, she was not shown to be a "necessary party" within the meaning of that subdivision. Ladner v. Reliance Corp., 1956, 156 Tex. 158, 293 S.W.2d 758. The instant action is one in which proof of independent evidence of facts would be necessary in order to show that Mrs. Koger was a "necessary party" to the suit against the other nonresident, for such facts could not be taken as admitted under the pleadings or as established as a matter of law by allegations of the petition.

■ There was a lack of evidence before the trial court necessary to support its order overruling Mrs. Koger's plea of privilege. In such a case it is our interpretation of the law, as established by Jackson v. Hall, 1948, 147 Tex. 245, 214 S.W.2d 458, that as applied to appeals in general, and those from orders overruling pleas of privileges in particular, any proper judgment of an appellate court which reverses the judgment of the trial court should be one which incorporates therein an order remanding the cause to the trial court, rather than one of rendition, when the reversal is occasioned by a lack of evidence in support of the judgment of the trial court,— *unless* it clearly appears that the case was fully developed, i. e., *unless* it clearly appears that there was no evidence available to be introduced in the trial court which would have supplied such "lack".

As applied to Nettie Earline Patrick, the points of error contending that there was no evidence, and insufficient evidence to support the judgment (i. e., that the judgment was against the great weight and preponderance of the evidence) are overruled. Judgment overruling her plea of privilege is affirmed. Judgment overruling the plea of privilege of Mrs. Lillie Koger is reversed and remanded to the trial court for further proceedings not inconsistent herewith.

All costs of appeal are taxed against Nettie Earline Patrick.