# NO. 12-19-00135-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *UPS GROUND FREIGHT, INC. AND PHILLIP VILLARREAL, APPELLANTS* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SEAN TROTTER AND MICAH TROTTER, APPELLEES* | § | *RUSK COUNTY, TEXAS* |

## *OPINION*

In this interlocutory appeal, UPS Ground Freight, Inc. and Phillip Villareal complain of the trial court's denial of their motion to transfer venue of claims brought against them by Sean Trotter and Micah Trotter. In their sole issue, Appellants contend Appellees failed to comply with the applicable venue statutes. We affirm.

## BACKGROUND

This case arises out of a multiple-car accident that occurred in Collin County, Texas. Stephanie Riddle, who was injured in the accident, was the first to file suit, which she filed in Rusk County. She named as defendants UPS Ground Freight, Inc., its employee, Phillip Villareal, and Jacintha Nicole McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark, who was killed in the accident. Appellants moved to transfer venue to Collin County. Julian Clark, the decedent's father, intervened in the suit, naming Appellants as defendants. McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark, filed cross claims against Appellants.

The trial court denied Appellants' motion to transfer venue regarding Riddle's claims. Appellants then filed a motion to transfer venue as to Clark's and McElduff's claims. The trial court also denied this motion. Micah Trotter, who was involved in the accident, and her husband, Sean Trotter, intervened, naming as defendants Appellants and McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark. Appellants moved to transfer the Trotters' claims in intervention to Collin County. Cameronn Morrison, who was also involved in the accident, filed suit against Appellants in Collin County and filed his plea in intervention in Rusk County naming as defendants Appellants and McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark.

The trial court denied Appellants' motion to transfer venue of the Trotters' claims. Appellants filed a notice of accelerated interlocutory appeal pursuant to civil practice and remedies code Section 15.003(b)[1] appealing only the order denying their motion to transfer venue of the claims of intervenors Micah and Sean Trotter, Appellees.

### TEXAS RULE OF CIVIL PROCEDURE 87

Initially, we must address Appellees' assertion that "Rule 87 prohibits an interlocutory redetermination or review of the trial court's prior venue rulings and thereby precludes this appeal." They argue that the venue issues decided by the trial court's rulings on Appellants' motions to transfer venue as to claims asserted by Riddle, McElduff, and Clark form the basis for its ruling as to claims asserted by Appellees. Further, they contend that, under Rule 87(5), neither the trial court nor this court can redetermine the first and second rulings. Appellees argue that, although Section 15.003 allows interlocutory appeals, Rule 87(5) remains intact and prohibits this court from reviewing the trial court's determination that Appellees can bring suit in Rusk County. We disagree with Appellees' interpretation of the interaction between Rule 87 and Chapter 15 of the Texas Civil Practice and Remedies Code.

**Statutory Construction**

When construing rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding). When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning. *Id*. We presume that the legislature acted

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b) (West 2017).

2

with knowledge of the background law and existing statutes. ***Acker v. Tex. Water Comm'n***, 790 S.W.2d 299, 301 (Tex. 1990); ***Allen Sales & Servicenter, Inc. v. Ryan***, 525 S.W.2d 863, 866 (Tex. 1975). A statute will be construed with reference to the entire body of law existing at the time of its enactment if necessary to ascertain legislative intent. *See **In re Estates of Carrigan***, 517 S.W.2d 817, 819 (Tex. Civ. App.−Tyler 1974, no writ).

When a conflict arises between a statute and a rule of procedure, we must harmonize the statute and the rule if possible. *See **In re CompleteRx, Ltd.***, 366 S.W.3d 318, 324 (Tex. App.−Tyler 2012, orig. proceeding). Ultimately, the statute prevails unless the rule has been adopted subsequent to the statute and repeals the statute as provided by Texas Government Code Section 22.004. *See* TEX. GOV'T CODE ANN. § 22.004(c) (West Supp. 2018); ***Jackson v. State Office of Admin. Hearings***, 351 S.W.3d 290, 298 (Tex. 2011). Moreover, Section 15.066 provides that, subject to government code Section 22.004, to the extent that Chapter 15 conflicts with the Texas Rules of Civil Procedure, Chapter 15 controls. TEX. CIV. PRAC. & REM. CODE ANN. § 15.066.

In the context of a motion to transfer venue, Texas Rules of Civil Procedure 86, 87, and 88 lay out the procedural requirements by which a defendant can transfer venue. *See* TEX. R. CIV. P. 86-88. Rule 87 of the Texas Rules of Civil Procedure provides in pertinent part:

> **5. Motion for Rehearing.** If venue has been sustained as against a motion to transfer, or if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered regardless of whether the movant was a party to the prior proceedings or was added as a party subsequent to the venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257-259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.
> Parties who are added subsequently to an action and are precluded by this rule from having a motion to transfer considered may raise the propriety of venue on appeal, provided that the party has timely filed a motion to transfer.
> **6.** There shall be no interlocutory appeals from such determination.

TEX. R. CIV. P. 87(5), (6).

The civil practice and remedies code provides that, in suits involving multiple plaintiffs, "each plaintiff must, independently of every other plaintiff, establish proper venue." TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a). Alternatively, when a plaintiff is unable to meet that requirement, the statute provides:

3

[T]hat plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that:

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

*Id*. The statute further provides that an interlocutory appeal may be taken of a trial court's determination that a plaintiff did or did not independently establish proper venue or did or did not establish the items prescribed by Subsections (a)(1)-(4). *Id*. § 15.003(b).

**Interlocutory Appeal**

While Appellees do not appear to be relying on Rule 87(6), which explicitly bars interlocutory appeals from venue determinations, we believe it should be part of the discussion. In 1983, the legislature revised the venue statutes and eliminated all interlocutory appeals in venue issues. *See* Act of May 28, 1983, 68th Leg., R.S., ch. 385, § 1, 1983 Tex. Gen. Laws 2119, 2124 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 15.064). Section 15.064 provides that, in venue hearings, the trial court shall determine venue questions from the pleadings and affidavits, and it prohibits interlocutory appeals from the court's venue determination. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064. Rule 87 was completely rewritten in 1983 to conform with the predecessor to Section 15.064, which was part of the 1983 overhaul of the venue statutes. The Texas Supreme Court included the bar to interlocutory appeals in Rule 87(6). This was an attempt to shorten the venue review process as part of tort reform revisions. *See* House Comm. on State Affairs, Bill Analysis, Tex. S.B. 32, 74th Leg., R.S. (1995).

Thus, the general rule, provided in both Rule 87(6) and Section 15.064, bars interlocutory appeals from venue decisions. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a); TEX. R. CIV. P. 87(6). The Texas Supreme Court has construed Section 15.064 and Rule 87 together, holding that once a venue determination has been made that determination is conclusive as to those parties and claims. ***In re Team Rocket, L.P.***, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding).

However, Section 15.003(b) provides for an exception to the general rule, allowing interlocutory appeals for venue determinations in cases involving multiple plaintiffs. TEX. CIV.

PRAC. & REM. CODE ANN. § 15.003(b); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 195 n.7 (Tex. App.−Corpus Christi 2013, pet. denied) (mem. op.). As to the availability of an interlocutory appeal in this case, because there are multiple plaintiffs, Section 15.003(b) controls, not Rule 87(6). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.066. Therefore, Rule 87(6) cannot preclude our review of the trial court's ruling on Appellants' motion to transfer Appellees' claims.

**Motion for Rehearing**

Next, considering the impact of Section 15.003, we must determine whether Rule 87(5)'s bar on motions for rehearing precludes consideration of Appellants' motion to transfer Appellees' claims to Collin County in light of the trial court's prior orders denying a transfer of the claims brought by other plaintiffs. The bar on motions for rehearing was included in the 1983 rewrite. Indisputably, Rule 87(5) prohibits a second motion to transfer venue in one case unless the specified exceptions apply. *In re Lowe's Home Ctrs., L.L.C.*, 531 S.W.3d 861, 870 (Tex. App.−Corpus Christi 2017, orig. proceeding). Nothing in Chapter 15 or its predecessors directly addresses whether a party may submit a motion for rehearing of the venue question.

As is often the case with legislation, Section 15.003 arose after application of the law created an undesirable situation. Prior to August 28, 1995, part of the statutory venue scheme provided that when two or more parties are joined as defendants in the same action, or two or more claims or causes of action are properly joined in one action, and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants unless certain specified exceptions applied. Act of May 28, 1983, 68th Leg., R.S., ch. 385, § 1, 1983 Tex. Gen. Laws 2119, 2123-2124 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 15.061, *repealed by* Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 10, 1995 Tex. Gen. Laws 978, 981). Application of this statute led to unintended consequences as explained by the Texas Supreme Court in *Polaris Investment Management Corporation v. Abascal*, 892 S.W.2d 860 (Tex. 1995) (orig. proceeding). There, the court determined that the statute in effect at the time, Section 15.061, allowed intervention of more than 2000 plaintiffs and plaintiff-intervenors in one suit although only one plaintiff and none of the defendants resided in the county of suit. *Id*. at 862. *Abascal* was issued on February 16, 1995.

In response, the legislature repealed Section 15.061 and added Section 15.005, providing that, in a suit in which the plaintiff has established proper venue against a defendant, the court also

has venue of all the defendants in all claims or causes of action arising out of the same transaction, occurrence, or series of transactions or occurrences. TEX. CIV. PRAC. & REM. CODE ANN. § 15.005. Significantly, at the same time, twelve years after Rule 87 was rewritten to bar motions for rehearing, the legislature enacted Section 15.003. The entirely new section is applicable in suits involving multiple plaintiffs, whether they are included by joinder, by intervention, because the suit was begun by more than one plaintiff, or otherwise, and requires each plaintiff, independently of every other plaintiff, to establish proper venue. *Id*. § 15.003. The new statutes became effective August 28, 1995.

Rule 87(5)'s bar on motions for rehearing furthers the legislature's intent, in the 1983 overhaul, to shorten the venue review process. In contrast, the legislature's goal in enacting Section 15.003 was to correct an unwanted application of the venue statutes in cases involving multiple plaintiffs.

Rule 87(5) specifies that the rule against motions for rehearing applies even if the movant was a party to the prior venue proceedings or was added after those proceedings. TEX. R. CIV. P. 87(5). It goes on to say that parties added subsequently to a venue determination may, if the issue is preserved, raise the propriety of venue on appeal. *Id*. Application of the rule's bar on motions for rehearing is at odds with Section 15.003's insistence that all plaintiffs prove venue is appropriate as to them even though they entered the suit at different times. Section 15.003 necessarily contemplates the potential for multiple venue hearings in light of the fact it requires plaintiffs named in the original petition, as well as plaintiffs who entered the lawsuit at a later time, to independently establish proper venue. Further, the rule's reference to complaining about a venue determination on appeal corresponds with the rule's bar on interlocutory appeals, which is in direct contravention to Section 15.003(b)'s permission for interlocutory appeals in multiple plaintiff cases. Section 15.003 prevails over the earlier-enacted Rule 87. *See* TEX. GOV'T CODE ANN. § 22.004(c). Further, Section 15.003 controls over conflicts with the rules of civil procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.066.

Before the 1995 revisions, if there were multiple plaintiffs, they were not required to establish "independently of every other plaintiff" that venue was proper for them in the county where venue was initially established. And the venue determination could be revisited only through the regular appeals process after a final judgment was rendered in the case. For Section 15.003 to be applied, Rule 87(5)'s ban on motions for rehearing must yield. We presume that the

legislature was aware of the interaction between the two provisions when it passed Section 15.003. *See Acker*, 790 S.W.2d at 301. We conclude that Rule 87(5) does not preclude consideration of Appellants' motion to transfer Appellees' claims to Collin County.

<u>**VENUE**</u>

In their sole issue, Appellants contend the trial court erred in denying their motion to transfer venue because Appellees failed to comply with Section 15.003(a) of the Texas Civil Practice and Remedies Code. They argue that Appellees were required to, but did not, establish, independently of every other plaintiff, that proper venue is in Rusk County or establish the four statutory requirements in subsections (a)(1)-(4) of Section 15.003.

## **Applicable Law**

A plaintiff chooses venue by deciding where to file a lawsuit. *In re Team Rocket, L.P.*, 256 S.W.3d at 259. Once the plaintiff's choice of venue is challenged, the plaintiff has the burden to present prima facie proof that venue is maintainable in the county of suit. TEX. R. CIV. P. 87(2), (3)(a). When ruling on a motion to transfer venue, the trial court must assume the pleadings are true unless specifically denied by the adverse party. *Id*. 87(3)(a). The court must decide based on the pleadings and affidavits submitted by the parties. *Id*. If the plaintiff proves venue facts that support venue, the trial court must maintain the lawsuit in the county where it was filed unless the motion to transfer is based on "grounds that an impartial trial cannot be had in the county where the action is pending as provided in Rules 257-259 or on an established ground of mandatory venue." *Id*. 87(3)(c).

An appellate court must conduct an independent review of the entire record to determine whether venue was proper in the original county of suit. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993). The appellate court cannot review the factual sufficiency of the evidence supporting the plaintiff's venue choice. *Id*. If the record contains any probative evidence supporting venue in the county of suit, a transfer is improper even if the preponderance of the evidence is to the contrary. *Id*.

The general venue rule provides as follows:

> (a) Except as otherwise provided by this subchapter or Subchapter B or C, all
> lawsuits shall be brought:

7

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a).

**Analysis**

One of the named defendants in Appellees' suit is Jacintha Nicole McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark. The record shows that McElduff is a resident of Rusk County. This fact supports venue in Rusk County. *Id*. § 15.002(a)(2).

Citing no authority, Appellants assert that, because Appellees did not explicitly rely on Section 15.002(a)(2) in the trial court, they cannot rely on this argument on appeal. We disagree. Rule 87 requires the court to rule on the motion to transfer venue on the basis of the pleadings, any stipulations by the parties, and any affidavits and attachments filed by the parties. TEX. R. CIV. P. 87(3)(b). The plaintiff is not required to plead the language of the statute relied on to maintain venue. *See Patrick v. Webb*, 369 S.W.2d 446, 449 (Tex. Civ. App.–Fort Worth 1963, writ dism'd). If the facts are sufficient to show that venue is proper, the pleading is sufficient even if it omits an appropriate reference or urges a statute that is not applicable, or, though applicable, not established. *Id*.

Because Appellants did not specifically deny that McElduff is a resident of Rusk County, this venue fact is taken as true. TEX. R. CIV. P. 87(3)(a). Further, Appellants did not base their motion to transfer on grounds that an impartial trial could not be had in Rusk County or on an established ground of mandatory venue. *Id*. 87(3)(c). Therefore, venue is proper in Rusk County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2). Because Appellees' claims against McElduff and Appellants arise out of the same transaction, occurrence, or series of transactions or occurrences, venue in Rusk County is also established as to Appellants. *See id*. § 15.005. The trial court did not err in denying Appellants' motion to transfer venue of Appellees' claims. We overrule Appellants' sole issue.

8

## DISPOSITION

Having overruled Appellants' sole issue, we ***affirm*** the trial court's order denying Appellants' motion to transfer.

**BRIAN HOYLE**
Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### NOVEMBER 27, 2019

### NO. 12-19-00135-CV

**UPS GROUND FREIGHT, INC. AND PHILLIP VILLARREAL,**
Appellants
V.
**SEAN TROTTER AND MICAH TROTTER,**
Appellees

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2017-330)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order denying Appellants UPS Ground Freight, Inc. and Phillip Villarreal's motion to transfer Appellees Sean Trotter and Micah Trotter's claims in intervention.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against Appellants, **UPS GROUND FREIGHT, INC. AND PHILLIP VILLARREAL**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*