# NO. 12-19-00302-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *UPS GROUND FREIGHT, INC. AND PHILLIP VILLARREAL, APPELLANTS* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CAMERONN MORRISON, APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

In this interlocutory appeal, UPS Ground Freight, Inc. and Phillip Villareal complain of the trial court's denial of their motion to transfer venue of claims brought against them by Cameronn Morrison. In their sole issue, Appellants contend Appellee failed to comply with the applicable venue statutes. We affirm.

## BACKGROUND

This case arises out of a multiple-car accident that occurred in Collin County, Texas. Stephanie Riddle, who was injured in the accident, was the first to file suit, which she filed in Rusk County. She named as defendants UPS Ground Freight, Inc., its employee, Phillip Villareal, and Jacintha Nicole McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark, who was killed in the accident. Appellants moved to transfer venue to Collin County. Julian Clark, the decedent's father, intervened in the suit, naming Appellants as defendants. McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark, filed cross claims against Appellants.

The trial court denied Appellants' motion to transfer venue regarding Riddle's claims. Appellants then filed a motion to transfer venue as to Clark's and McElduff's claims. The trial

court also denied this motion. Micah Trotter, who was involved in the accident, and her husband, Sean Trotter, intervened, naming as defendants Appellants and McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark. Appellants moved to transfer the Trotters' claims in intervention to Collin County. Cameronn Morrison, who was also involved in the accident, filed suit against Appellants in Collin County and filed his plea in intervention in Rusk County naming as defendants Appellants and McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark.

The trial court denied Appellants' motion to transfer venue of the Trotters' claims.[1] Appellants then filed a motion to transfer Appellee's claims in intervention. That motion was denied. Appellants filed a notice of accelerated interlocutory appeal pursuant to civil practice and remedies code Section 15.003(b)[2] appealing only the order denying their motion to transfer venue of the claims of Appellee.

## VENUE

In their sole issue, Appellants contend the trial court erred in denying their motion to transfer venue because Appellee failed to establish proper venue in Rusk County under the estate administration venue provision of civil practice and remedies code Section 15.031 or the cross-claim provision of Section 15.062 as argued in the trial court. Further, they argue that Appellee failed to establish, independently of every other plaintiff, that proper venue is in Rusk County or establish the four statutory requirements in subsections (a)(1)-(4) of Section 15.003 of the civil practice and remedies code.

### Applicable Law

A plaintiff chooses venue by deciding where to file a lawsuit. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). Once the plaintiff's choice of venue is challenged, the plaintiff has the burden to present prima facie proof that venue is maintainable in the county of suit. TEX. R. CIV. P. 87(2), (3)(a). When ruling on a motion to transfer venue, the trial court must assume the pleadings are true unless specifically denied by the adverse party. *Id*.

---

[1] Appellants appealed the order denying their motion to transfer the Trotters' claims, and this court affirmed the trial court's order. *See UPS Ground Freight, Inc. v. Trotter*, No. 12-19-00135-CV (Tex. App.−Tyler Nov. 27, 2019, no pet. h.).

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b) (West 2017).

87(3)(a). The court must decide based on the pleadings and affidavits submitted by the parties. *Id*. If the plaintiff proves venue facts that support venue, the trial court must maintain the lawsuit in the county where it was filed unless the motion to transfer is based on "grounds that an impartial trial cannot be had in the county where the action is pending as provided in Rules 257-259 or on an established ground of mandatory venue." *Id*. 87(3)(c).

An appellate court must conduct an independent review of the entire record to determine whether venue was proper in the original county of suit. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993). The appellate court cannot review the factual sufficiency of the evidence supporting the plaintiff's venue choice. *Id*. If the record contains any probative evidence supporting venue in the county of suit, a transfer is improper even if the preponderance of the evidence is to the contrary. *Id*.

The general venue rule provides as follows:

> (a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:
> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
> (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
> (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a).

**Analysis**

One of the named defendants in Appellee's suit is Jacintha Nicole McElduff, individually and as independent administrator of the Estate of Nathan Dean Clark. The record shows that McElduff is a resident of Rusk County. This fact supports venue in Rusk County. *Id*. § 15.002(a)(2).

Although Appellee did not explicitly rely on Section 15.002(a)(2) in the trial court, this subsection supports the trial court's ruling. Rule 87 requires the court to rule on the motion to transfer venue on the basis of the pleadings, any stipulations by the parties, and any affidavits and attachments filed by the parties. TEX. R. CIV. P. 87(3)(b). The plaintiff is not required to plead the language of the statute relied on to maintain venue. *See Patrick v. Webb*, 369 S.W.2d 446, 449

(Tex. Civ. App.–Fort Worth 1963, writ dism'd). If the facts are sufficient to show that venue is proper, the pleading is sufficient even if it omits an appropriate reference or urges a statute that is not applicable, or, though applicable, not established. *Id*.

Because Appellants did not specifically deny that McElduff is a resident of Rusk County, this venue fact is taken as true. TEX. R. CIV. P. 87(3)(a). Further, Appellants did not base their motion to transfer on grounds that an impartial trial could not be had in Rusk County or on an established ground of mandatory venue. *Id*. 87(3)(c). Therefore, venue is proper in Rusk County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2). Because Appellee's claims against McElduff and Appellants arise out of the same transaction, occurrence, or series of transactions or occurrences, venue in Rusk County is also established as to Appellants. *See id*. § 15.005; *Trotter*, No. 12-19-00135-CV at *8-9. The trial court did not err in denying Appellants' motion to transfer venue of Appellee's claims. We overrule Appellants' sole issue.

## DISPOSITION

Having overruled Appellants' sole issue, we ***affirm*** the trial court's order denying Appellants' motion to transfer.

**BRIAN HOYLE**
Justice

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-19-00302-CV**

**UPS GROUND FREIGHT, INC. AND PHILLIP VILLARREAL,**
Appellants
V.
**CAMERONN MORRISON,**
Appellee

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2017-330)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order denying Appellants UPS Ground Freight, Inc. and Phillip Villarreal's motion to transfer Appellee Cameronn Morrison's claims in intervention.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against Appellants, **UPS GROUND FREIGHT, INC. AND PHILIP VILLAREAL**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*